IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN HINES GRAMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1130-JDT-cgc |
| | ) | |
| ROLAND REID, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
AND TO FILE AN AMENDED COMPLAINT

On July 19, 2018, Plaintiff Kevin Hines Grammar, who is incarcerated at the Haywood County Jail in Brownsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with

the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2). In this case, Plaintiff's affidavit is not accompanied by a certified copy of his trust account statement. He will be required to provide the Court with a copy of that document before the application to proceed *in forma pauperis* may be considered.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

In this case, Plaintiff has submitted the form § 1983 complaint. His statement of claim, in its entirety, states: Police brutality – hospitalized, violation of religion rights, racial

discrimination[,] wrongful incarceration, excessive bail, conflict of interest, Miranda violations[,] improper arrest warrent, coercion of witness, delay to bring to trail [sic]. Pain & suffering, cruel and unusual punishment, def [sic] of character[.]" (ECF No. 1 at 2.) However, Plaintiff has provided no supporting factual allegations. Therefore, in its present form, the complaint fails to state any claim on which relief may be granted. Therefore, Plaintiff also will be required to file an amended complaint.

Plaintiff is ORDERED to submit, within 30 days after the date of this order, both a copy of his inmate trust account statement for the last six months and an amended complaint. The text of the amended complaint must identify each defendant sued, set forth the specific causes of action that are asserted against each defendant, and allege sufficient facts to support each of those claims. If Plaintiff fails to comply with this order within the time specified, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee[1] without regard to the PLRA's installment payment procedures, and dismiss the case without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. That additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*.